DECEMBER, 1823.

## Armstrong and Pinkston *against* The State.

1, It is not necessary that notice to a delinquent tax Collector and securities should be in the name of the "State of *Alabama*," or directed to any officer to execute the same.

2, A tax Collector's Bond conditioned that he shall faithfully perform all the duties of Assessor and tax Collector for the County of —— is sufficient, though it omit the recital of his appointment.

3, The Comptroller's notice that he will move for judgment for a certain sum, which is the amount due the State from said J. W. A. as Collector of taxes in M—— County, for the year 1822, is a sufficient shewing of a cause of action.

4, A party who would avail himself of the privilege of a trial by Jury, must appear and claim it.

5, The privilege of a freeholder as to being sued only in the County of his residence, does not extend to a motion against a delinquent tax Collector and securities.

6, Judgment for the sum due, as Damages for the default, good, although not called "fifteen per centum Damages."

AT a special term of the County Court of *Dallas* County, on the second *Monday* in *June*, 1823, the Sheriff of *Montgomery* County returned the following notice :

"Comptroller's office, *Cahawba, Alabama*.
"To *James Armstrong, Minor W. Pinkston*, and *Joseph Fitzpatrick*, Esqrs."

"You are hereby notified that I shall by the Attorney " General move for judgment against you at a special session " of the County Court of *Dallas* County, to be held on the " second *Monday* in *June* next, for the sum of one thousand " one hundred and ninety-three dollars, fifty-four and an " half cents, which is the amount of the balance due the " State from the said *James W. Armstrong*, as Collector of " taxes in *Montgomery* County, for the year 1822 ; for " whom, you, the said *Minor W. Pinkston* and *Joseph Fitz-* " *patrick*, are securities in the bond in file in my office. " Given under my hand the 9th day of *May*, 1823.

"SAMUEL PICKENS, Comptroller."

"Received 19th *May*, 1823. *W. R. Ross*, Sheriff.—I have " personally served two of the within named persons; (*James* " *W. Armstrong* and *Minor W. Pinkston*,) with a copy of " this citation, 21st *May*, 1823. *Non est* as to *Fitzpatrick*. " *W. R. Ross*, Sheriff."

The Record then sets out a copy of a Bond, (which the Comptroller certifies is a true copy from the original on file in his office) from said *Armstrong, Pinkston*, and *Fitzpatrick*, to the Governor and his successors, in the penalty of $10.000, dated the 25th day of *February*, 1822, with condition as follows :

"The condition of the above obligation is such, that if " the above bound *James W. Armstrong* shall faithfully per- " form all the duties of Assessor and Collector for the Coun- " ty aforesaid, (*Montgomery*,) which are, or may be by " law required of him while in office, then the above obliga- " tion," &c. The Bond is certified by the Judge of *Montgomery* County Court to have been taken and acknowledged in his presence. Then follows a copy of an account :

"Dr. *James W. Armstrong*, Assessor and Collector of *Montgomery* County, 1822."—In which, under the date 1822, are stated debits for taxes assessed, auction duties, and tavern licenses: and credits for payments, insolvencies, and commissions. The balance stated at $1193 54½. The Comptroller certifies this account to be a correct transcript from the books of his office : " and that the balance due " the State from *James W. Armstrong* is eleven hundred " and fifty-four cents and an half."

The defendants not appearing, the County Court, on motion of the Attorney General, rendered judgment in favour of the State against *Armstrong* and *Pinkston*, for $1193 54½, " which the said *James W. Armstrong* is indebted to the " State as aforesaid ; as also the sum of $179 03, accord- " ing to the Statutes in this case made and provided, toge- " ther with the sum of $140 $\frac{67}{100}$ interest, besides costs of suit."

They sued out a writ of Error to this Court, and as-signed as Errors,

1st, The process is void, not being in the name of the State of *Alabama*, or directed to any officer whose duty it was to execute it.

2d, The Bond is void. It does not pursue the Statute, or shew that *Armstrong* was Collector when it was taken.

3d, There was no cause of action shewn, nor was there a Jury to find a verdict as to the facts.

4th, The plaintiffs in Error were not sued in the County of their residence and freehold.

5th, The judgment is uncertain.

The case was argued by *H. G. Perry* for the plaintiff in Error, and *T. White*, Attorney-General, for the State.

Judge *Crenshaw* delivered the opinion of the Court.

As to the first assignment—The notice required in a sum-mary proceeding is not strictly *process ;* at least, not such process as by the Constitution is required to be in the name of the State. The Statute does not require that the notice shall be directed to the Sheriff or other officer. It only requires that it shall be served by the Sheriff of the County where the defendant may be found.(*a*)

As to the second assignment—We deem the Bond suffi-cient, and pursuant to the requisitions of the Statute ; and that from the Bond it is to be inferred that *Armstrong* was Assessor and Collector of taxes for the County of *Montgo-mery*, entering on the duties of the office, when it was taken before the officer appointed by law to receive it.(*b*)

As to the third assignment—We think that a sufficient

*Armstrong and Pinkston*
*v.*
*The State.*

December, 1823.

(*a*) *Act of 1820, Laws Alaba.* 769. *Act of 1821,* 772.

(*b*) *Laws of Ala-ba.* 749, *sect. 2.*

27

**DECEMBER, 1823.** cause of action appears in the notice, the Comptroller's cer-
tificate shewing the balance due from *Armstrong* to the
Armstrong and State for taxes, and indeed throughout the Record. As to
Pinkston the trial by Jury—the defendants did not appear and claim
v. this privilege, and consequently they dispensed with it.(c)
The State.

(c) *Id.* 770, *sect.* The matter of the fourth assignment, if it could have avail-
4. ed the defendants, should have been plead in abatement.
But the Statute, which prohibits a freeholder from being sued
(d) *Act of* 1827. out of the County of his residence,(d) is repealed so far as re-
lates to motions against delinquent tax Collectors and their
(e) *Id.* 157, *sect.* securities, by the Statutes which authorized this motion.(e)
12. These Statutes direct that service of such notice shall be
made on the defendants by the Sheriff of the County where
they may be found, and that the trial shall be had in the
Circuit or County Court of *Dallas* County.

As to the fifth assignment—We are unable to discover
any uncertainty in the judgment. It is for a specific amount,
and sufficiently certain to authorize an execution.

We are satisfied that the whole proceeding is in strict
compliance with the requisitions of law, and are unanimous
in affirming the judgment.